MARX AND RAWOLLE *vs.* GEORGE E. MARSH COMPANY.

Suffolk.    February 25, 1913. — May 23, 1913.

Present: RUGG, C. J., HAMMOND, BRALEY, SHELDON, & DE COURCY, JJ.

*Contract,* Performance and breach, Construction.    *Words,* "Possible," "On arrival."

One hundred drums of glycerine were ordered in writing and were to be paid for according to the purity of the glycerine as determined by chemical analysis to be made by a certain firm of chemists from samples taken by them "on arrival of the goods in New York, while on dock if possible, but if not, then in buyer's factory." The glycerine arrived in New York in freight cars; each drum weighed about thirteen hundred pounds; the drums were unloaded from the cars directly upon trucks on which they were conveyed to the buyer's factory. Although it was physically possible to have taken the samples before placing the drums upon the trucks, yet by doing so great delay and additional expense would have been caused. Five or six days later the firm of chemists sent a man to the buyer's factory who took samples of the glycerine with the assistance of the buyer's sampler. *Held,* that it could be found that it was not "possible," as this word was used in the contract, to take the samples "while on dock," and that the samples were taken "on arrival" at the buyer's factory within the reasonable meaning of that phrase. *Held, also,* that it would not be a reasonable construction of the contract to say that the samples must be taken by the members of the firm of chemists personally, and that it was a sufficient compliance with the contract that the samples were ordered by these chemists and were taken under the supervision of their authorized agent.

CONTRACT, by a corporation called Marx and Rawolle doing business in Brooklyn in the State of New York, against the George

E. Marsh Company, a corporation having places of business at Boston and at Lynn in this Commonwealth, to recover the sum of $976.15 with interest from February 6, 1910, alleged to have been overpaid to the defendant upon a purchase by the plaintiff from the defendant of a hundred drums of crude glycerine. Writ in the Municipal Court of the City of Boston dated April 6, 1910.

On appeal to the Superior Court the case was tried before *Lawton, J.* It was agreed by the parties that the plaintiff ordered from the defendant one hundred drums of crude glycerine under the terms of a contract which is described sufficiently in the opinion and that the defendant shipped to the plaintiff one hundred drums of crude glycerine, which were received by the plaintiff and for which the plaintiff paid the defendant $15,000.

The plaintiff contended that the analysis of the glycerine made by Ricketts and Banks, public chemists, named in the contract, showed the glycerine to be defective in quality so that the plaintiff was entitled to a deduction from the contract price of the amount claimed as damages. It was agreed that, if the defendant was liable to the plaintiff under the terms of the contract, the analysis made by Ricketts and Banks would show the glycerine to be sufficiently below the agreed standard to entitle the plaintiff to recover the amount claimed. In addition to the facts stated in the opinion, there was evidence that a sampler employed by the plaintiff took samples of the glycerine the second day after its arrival at the plaintiff's factory; that, three or four days after that, Ricketts and Banks's man came; that the sampler of Ricketts and Banks did not do the mechanical work of sampling, which was done in his presence and under his direction by the plaintiff's sampler; but that he was sent to the plaintiff's factory by Ricketts and Banks to get the samples, and that he took the samples in the usual way.

The judge refused to order a verdict for the defendant, and submitted the case to the jury, who returned a verdict for the plaintiff in the sum of $1,076.37. The defendant alleged exceptions.

The case was submitted on briefs.

*W. H. Niles & H. R. Mayo,* for the defendant.

*H. Tirrell & F. P. Garland,* for the plaintiff.

HAMMOND. J. The contract provided in substance that the sum to be paid for the glycerine should be according to its purity

to be determined by a chemical analysis. This analysis was to be made by "Ricketts & Banks, Public Chemists," from samples to be taken by them "on arrival of the goods in New York, while on dock if possible, but if not, then in buyer's [the plaintiff's] factory." The only question is whether on the evidence a verdict should have been directed for the defendant on the ground that there had been no compliance by the plaintiff with this provision.

The jury could have found upon the evidence that the glycerine arrived in New York in freight· cars; that each drum weighed about thirteen hundred pounds; that the drums were loaded directly from the cars upon the trucks by which they were carried immediately to the plaintiff's factory; that while it was physically possible to sample before placing the drums upon the trucks, yet under all the circumstances great delay and additional expense would have been thereby caused in the transfer from the cars to the factory and the work of sampling made more expensive, and that in view of the number of the drums and the nature of the process of sampling as that process was described in the evidence, it was not reasonably possible, as these words were used in the contract, to sample "while on dock." The jury could have found also that the samples examined by Ricketts and Banks were taken "on arrival" at the plaintiff's factory within the reasonable meaning of that term. It is urged further by the defendant that Ricketts and Banks never drew any samples at all. But it is not a reasonable construction of the contract to say that the samples must be taken by the chemists in their own proper person. And the jury were authorized to find that the samples were ordered by these chemists and were taken under the supervision of their duly authorized agent, who acted faithfully; that the samples so taken were taken by Ricketts and Banks within the meaning of the contract. Under all the circumstances it could not have been ruled as matter of law that the plaintiff had not complied with this provision of the contract. The case was properly submitted to the jury.

*Exceptions overruled.*